## WALSH *et al. v.* MCCLOSKEY.

*(City Court of Brooklyn, General Term.* May 27, 1889.)

CONTRACT—PERFORMANCE—PROVINCE OF JURY.

> Defendant contracted with B. for the erection of a building for an amount payable in installments. Plaintiffs, subcontractors, having performed their contract, received in payment an order drawn by B. on defendant, payable out of the fifth installment to become due under the contract. Defendant accepted the order, "provided no liens be filed against the building before said payment be earned, and payable only when said payment be earned." Plaintiffs introduced evidence that the work required to entitle B. to the fifth payment had been substantially done, though it did not appear that it was completed in all its details, before the first lien was filed. *Held,* that the question whether the work had been thus substantially done was properly submitted to the jury.

Appeal from trial term.

William Walsh and another sue Mary E. McCloskey on an order drawn upon her by one Margaretha Bauer, and which, it is alleged, defendant accepted. Defendant appeals from a judgment entered upon a verdict in favor of plaintiffs, and from an order denying her motion for a new trial.

Argued before VAN WYCK and OSBORNE, JJ.

*Joseph S. Ridgway,* for appellant.  *Patrick Keady,* for respondents.

OSBORNE, J.   On or about August 26, 1886, defendant entered into a written contract with one Margaretha Bauer for the erection of a building on Kent avenue, in the City of Brooklyn, for the sum of $7,000, payable in seven installments, as the work progressed. Plaintiffs, as subcontractors, agreed with said Bauer to excavate the cellar, to build the cellar walls, and to furnish lime, sand, and other materials. They finished their work about November 21, 1886, and there was due to them therefor $809.45. They were paid $200 in cash, and received for the balance an order from said Bauer on defendant for $609.45, payable out of the fifth payment for $1,000, to become due under said building contract. This order was presented to the defendant, and she accepted the same, "provided that no liens are filed against said building before said payment be earned, and payable only when said payment be earned." Plaintiffs brought this action on said acceptance, and obtained a verdict for the amount thereof, and interest, and from the judgment entered thereon, and the order denying a motion for a new trial, this appeal is taken.

The only exceptions argued on this appeal are to the refusal of the learned trial judge to dismiss complaint at the close of the plaintiffs' case, and also at the conclusion of defendant's case. To entitle plaintiffs to recover, it was

necessary for them to show that the said Bauer had substantially completed the work required to be done to entitle her to the fifth payment, and that no liens were filed against the building at that time. The testimony on the part of the plaintiffs was to the effect that such work was substantially done prior to the 16th day of December, 1886, at which date the first lien was filed, although it did appear that it was not completed in all its details. On the motion to dismiss at the close of the plaintiffs' case, the learned trial judge held that it was a question for the jury as to whether the work called for under the fifth payment was substantially performed. There was testimony sufficient to sustain such a finding, and we think that this was clearly a question for the jury to determine as the evidence stood, and that it would have been error for the learned trial judge to have granted defendant's motion. The testimony adduced on the part of the defendant related mainly to the alleged non-completion of the work; both she and the witnesses on her behalf claiming that a considerable portion of the work called for under the fifth payment was not done, although it did appear from their cross-examination and the evidence in rebuttal that it would cost a very small percentage of the fifth payment to complete the work required to be done thereunder. The effect of this testimony was simply to amplify the issue between the parties, and render necessary a submission thereof to the jury, and the motion to dismiss at the close of the defendant's case was properly denied. In a charge, to which no exception was taken, the learned trial judge left it to the jury to determine whether the work was substantially done. On this issue the jury have decided in favor of the plaintiffs, and we can see no good reason for interfering with the verdict. We are therefore of the opinion that the judgment and the order denying the motion for a new trial should be affirmed. Judgment and order denying motion for new trial affirmed, with costs.

VAN WYCK, J., concurs.